### NOONAN v. MECHANICS' & TRADERS' BANK.

*(City Court of New York, General Term. February 8, 1892.)*

ASSIGNMENT—COLLATERAL SECURITY—RIGHTS OF ASSIGNOR.

Plaintiff assigned a claim against the city of New York to defendant bank, to be collected, and applied to plaintiff's indebtedness to the bank and others, and the balance, if any, returned to plaintiff. The bank in turn assigned the claim to its attorney, for collection, and he, on collection thereof, retained $1,000 as compensation. *Held*, that the bank was liable to plaintiff for the sum so retained.

Appeal from trial term.

Action by Michael Noonan against the Mechanics' & Traders' Bank. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before McGOWN, VAN WYCK, and FITZSIMONS, JJ.

*Thomas J. McKee,* for appellant. *Kellog, Rose & Smith,* for respondent.

FITZSIMONS, J. The city of New York owed the plaintiff moneys for work done and materials furnished, for which he and Thomas J. McKee, the defendant's attorney herein, obtained judgment for the sum of $126,979.30, which was paid by the city to McKee on May 1, 1884. Prior to that time the plaintiff was indebted to various persons in large sums of money. For the purpose of paying these debts he executed and delivered to each of his said creditors an assignment of his said claim against the city. Each of said assignments was in a sum sufficient to pay the claim of the creditor holding the same, except the assignment to Stevan, which assigned plaintiff's claim in full; also so was the one to the defendants, and they in turn assigned to McKee their respective claims. This was done for the purpose of giving McKee authority to collect said money from the city and pay it over to the various parties entitled to it. He paid over all the money he received from the city except the sum of $1,000, which he kept as compensation for his services. The action is to recover from the defendant said $1,000. On the trial of this action judgment was rendered for plaintiff for $1,443.36, by direction of the court. The order which the plaintiff delivered to defendant simply entitled it to receive from the city all moneys due from the city to plaintiff under his contract. The manner of its disposition by defendant when so received, of course, might be shown by oral testimony. For some reason it assigned this privilege to its then and present counsel, Mr. McKee; but that act certainly does not relieve it of the responsibility of returning to the plaintiff all moneys collected from the city. This it should have done except in instances where it was otherwise directed by him. It is apparent from the testimony that the assignments made by plaintiff to his creditors of his claim against the city were made for their benefit and security, and that after the payment of such debts the balance of such claim should be paid over to him. Of the amount received from the city, with plaintiff's assent, the sum of $125,979.30 was paid to plaintiff's creditors, which included defendant, and the balance, $1,000, was retained by defendant's assignee and counsel. This he had no right to do, but should have paid it over to defendant, whose duty, in turn, it was to pay such sum over to plaintiff. We believe that no errors were committed upon the trial. Judgment is affirmed, with costs. All concur.